**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **DELIA GARCIA DIAZ** | § | **CASE NO. 05-94877-H1-11** |
| **Debtor** | § | **(Chapter 11)** |
| | § | |

# Debtor's Plan of Reorganization

Delia Garcia Diaz, Debtor herein, files this Plan of Reorganization.

## Table of Contents


Topic Page

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Classes of Creditors and Specific Treatment of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Specification of All Claims Impaired and
Not Impaired under the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Modification of Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Means for Implementing and Effectuating the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Reservation of Rights . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rejection of Executory Contracts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bar Dates for Filing Proofs of Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Transfer of Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Specific Consideration in Voting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Effect of Confirmation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Litigation Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Jurisdiction of the Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Miscellaneous Provisions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Interim Operation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## Introduction

On October 16, 2005, the Debtor filed a Voluntary Petition for Reorganization under Chapter 11 of the Bankruptcy Code (hereinafter the "Code"). The Debtor has remained in possession of her property pursuant to the provisions of 11 U.S.C. §§1107 & 1108, which provides that the Debtor shall retain possession of and manage its property.

## I. Definitions

The following terms, when used in the Plan, shall unless the context otherwise requires, have the following meanings, respectively:

1. "Allowed Amount" shall mean the dollar amount of a claim approved and allowed by final order of the Bankruptcy Court.

2. "Bankruptcy Code" is the Bankruptcy Code of 1978 as contained in Title 11 U.S.C. Section 101 et seq. and amendments thereto.

3. "Bar Date" is the deadline previously established by the court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan. Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the bar date occurs 90 days after the first date set for the meeting of creditors. In the instant case, the meeting of creditors was held on January 5, 2006, and the bar date is **April 5, 2006.**

4. "Claim" shall mean a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or if a Proof of Claim is not filed by the creditor, a right which otherwise appears in the Debtors' bankruptcy schedules and (I) is not listed as disputed, contingent or unliquidated, (ii) has not been resolved by Final Order of the Court in this reorganization case or, (iii) which has been otherwise satisfied.

5. "Class" shall mean any class into which Claims are classified pursuant to Section II.

6. "Confirmation" shall mean the entry by the Bankruptcy Court of an order confirming the plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

7. "Confirmation Date" shall mean the date set by the Court pursuant to §1128 of the Bankruptcy Code for hearing on confirming the Plan on which the Court determines that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to confirmation.

8. "Creditors" shall mean all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as defined in §101(4) of the Bankruptcy Code.

9. "Creditors Committee" shall mean that Creditors Committee appointed by order of the Court, the members thereof and any successor members. No creditors committee was appointed in this proceeding.

10. "Court" shall mean the United States Bankruptcy Court for the Southern District of Texas, Houston Division, presiding over the reorganization case, or, if necessary, the United States District Court for said District and Division having original jurisdiction over the reorganization case.

11. "Debtor" shall mean Delia Garcia Diaz, an individual.

12. "Disbursing Agent" shall mean Ms. Diaz.

13. "Discharge" shall mean that confirmation of the Plan is intended to, will, and does

fully discharge the Debtor as provided in Section 1141(d) of the Bankruptcy Code and the Plan does not provide for exceptions to discharge under 1141(d)(3), except as to any post-petition claims.

14. "Effective Date" shall mean the thirtieth day following the date of the order confirming the plan, if no notice of appeal is timely filed, or if a notice of appeal is filed, during which time no motion for stay pending appeal is granted or supersedeas bond is approved and filed; but, in the event a stay is granted or supersedeas bond is approved and filed, then it shall be the date on which the order confirming plan is a final order.

15. "Final Decree" shall mean the order of the Court entered after all payments and distributions of monies called for under the Plan have been made (I) discharging the Trustee and canceling his bond, (ii) making provision by way of injunction or otherwise as may be equitable, and (iii) closing the reorganization case.

16. "Final Order" shall mean an order of the Court which, not having been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters adjudicated thereby and is in full force and effect.

17. " Plan" shall mean this Plan of Reorganization in its present form or as it may be amended, modified or supplemented.

18. "Lien" shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

19. "Pro Rata Share" shall mean the amount which is the result of multiplying the monies available for distribution to a named class of creditors by that fraction in which the numerator is the

allowed amount of a particular claim in the named class and the denominator is the total of the amounts of all the claims in the named class.

20. "Secured Claim" shall mean the claim of any creditor secured by liens on property, which liens are valid, perfected, and enforceable under applicable law, and are not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law, and are duly established in this case, to the extent of the value of the security, as determined in accordance with §506 of the Bankruptcy Code.

21. "Unsecured Claims" shall mean all business claimants or other claimants of any nature, holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

22. "Unsecured Creditor" shall mean the holder of an unsecured claim.

## II.
## Classes of Creditors and Specific Treatment of Claims

The Plan of Reorganization proposes the continued operation of the Debtor's business with the net profits to be utilized to fund the Plan. The Debtor's Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code.

The Debtor's Plan of Reorganization will provide for classification of creditors in accordance with the United States Bankruptcy Code.

**Class 1- Administrative Expenses**. Class 1 is unimpaired. Class 1 are Claims entitled to priority by Section 507(a)(1) of the Bankruptcy Code and will consist of fees for services rendered and expenses incurred by the Court appointed Counsel and other professional persons for the Debtor prior to the effective date of the Plan, as the same are finally approved and allowed by final order

of the Court, and any other expenses incurred during the course of the Chapter 11 proceeding that have not yet been paid. The members of this class include Julie M. Koenig, Lead Counsel for the Debtor, and Robert A. Axelrad and Elizabeth Bruman of Zimmerman, Axelrad, Meyer, Stern & Wise, P.C., Special Counsel for the Debtor.

All claims in this class shall be paid in cash and in full in such amounts as may be allowed and approved by the Court on the effective date or after such claims are finally allowed, whichever is later, by the Debtor to the extent of available funds, or such claims may be paid in accordance with any agreement or waiver. The anticipated total fees to be paid in this class are in the range of $15,000 to $20,000, to the Debtor's Attorneys, inclusive of the retainer. The fees of Mr. Axelrad and Ms. Bruman are in the range of $20,000 - $40,000.

The anticipated payment on these claims are set forth on Exhibit "A" attached hereto.

**Class 2 - The United States Trustee**. Class 2 is unimpaired and consists of the post-confirmation claim of the office of the United States Trustee for its fees from the date of confirmation until the Chapter 11 file is closed by the Bankruptcy Clerk. These fees are based on the amount of disbursements made by the Debtor and are paid on a quarterly basis. The Reorganized Debtor shall timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. §1930 (a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case. After confirmation, the Reorganized Debtor shall file with this Bankruptcy Court and shall serve on the United States Trustee a financial report for each month, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

In the event that the Debtor owes pre-confirmation U.S. Trustee's fees on the date of

confirmation, the Debtor shall pay all past-due fees to the U.S. Trustee on or before the effective date of the Plan.

**Class 3 - Priority Claim of the Internal Revenue Service.** Class 3 is impaired and consists of the priority claim of the Internal Revenue Service, ("IRS"), in the amount of $14,731.83. This claim shall be paid in equal monthly installments of $245.53 without interest over a 60 month period. The unsecured claim of the IRS shall be treated in Class 9 below. The first payment shall be due on the 15th day of the first full month after the effective date of the Plan.

**Class 4 - Secured Claims of Harris County/City of Houston and Houston ISD.** Class 4 is impaired and consists of the secured claim of Harris County/City of Houston in the amount of $6,824.92 and $6,918.23, respectively. These entities have a statutory lien on the Debtor's homestead and all of her other real property. The 2005 taxes will be paid by the Debtor when they become due.

Post-petition secured ad valorem taxes will be paid in the ordinary course of business and failure to do so shall result in a default under the terms of the confirmed Plan.

Default of the Plan shall be defined as the failure of the proponent of the plan to make payments or perform any action required to be made under the terms of the confirmed plan.

In the event of a default, there will be full reinstatement of the administrative collection powers and rights of this ad valorem Taxing Authority as they existed prior to the filing of the bankruptcy petition in this case, including, but not limited to, the assessment of taxes, the filing of Notices of Tax Liens and the powers of levy, seizure and sale.

**Class 5A - Secured Claim of Maxie Strong.** Class 5A is unimpaired and consists of the secured mortgage claim of Maxie Strong in the amount of approximately $185,770.21. Ms.

Strong's claim is secured by a lien on the Debtor's real property located at 4670 and 4660 Telephone Road, Houston, Texas. This claim shall be paid in monthly installments under the terms of the mortgage. The monthly payment to Ms. Strong is approximately $2,829.85. There remains approximately 8 more years on the note.

**Class 5B - Secured Judgment Claim of Maxie Strong.** Class 5B is impaired and consists of the secured judgment claim of Maxie Strong in the amount of $6,407.02 with interest at the rate of 5%. Maxie Strong has a lien on all of the Debtor's non-exempt real property by virtue of an Abstract of Judgment filed on March 2, 2004. This claim shall be paid in monthly installments in the amount of 139.35 over a 60 month period. The first payment shall be due on the 15th day of the first full month after the effective date of the Plan.

**Class 6 - Secured Judgment Claim of Entertainment by J & J, Inc. and Riecke Baumann.** Class 6 is impaired and consists of the secured judgment claim of Entertainment by J & J, Inc., ("Entertainment), and Riecke Baumann in the amount of $13,000.00 and $3,000.00, respectively, with interest at the rate of 2.32%. This judgment claim is secured by a lien on all of the Debtor's non-exempt real property by virtue of an Abstract of Judgment filed on June 1, 2004. Entertainment's claim shall be paid in equal monthly installments of $252.05 over a 60 month period. Riecke Baumann's claim shall be paid in equal monthly installments of 58.16 over a 60 month period. The first payment shall be due on the 15th day of the first full month after the effective date of the Plan.

**Class 7 - Claims of Patricia Garcia as next friend of minors Demetria Garcia, Blanco V. Pardo, Vidal Pardo, Jr. And Michael Von Blon**. Class 7A is impaired and consists of secured claims of Patricia Garcia as next friend of minors Demetria Garcia, Blanco V. Pardo, Vidal Pardo,

Jr. and Michael Von Blon. These claims arise from a Final Judgment in the 80th Judicial District Court of Harris County, Texas in the original amount of $1,500,000; less credit for a $150,000 settlement, plus pre and post interest judgment. With interest from the date of entry of the judgment to the date of filing, these claims are calculated to be an aggregate of $1,442,184.27, with Michael Von Blon's 40% contingency claim consisting of $576,873.68 of that aggregate total.

If these claims are secured by the Amended Abstract of Judgment filed on February 18, 2005, then these claims shall be paid an amount equal to the remaining value of the Debtor's non-exempt real property from her cash flow from the properties, an amount calculated to be approximately $135,646.96. These claims shall be paid in equal monthly installments of $2,260.78 paid to Michael Von Blon for distribution as per the Final Judgment, over a 5 year period. The first payment shall be due on the 15th day of the first full month after the effective date of the Plan.

In the event the Bankruptcy Court determines that these claims are unsecured, they will be treated in Class 9 below.

**Class 8 - Unsecured Claims Under $2,000.00**. Class 8 is impaired and consists of claims of unsecured creditors with claims under $2,000.00. There is 1 claim in Class 6 for a total of $1,015.00 This claim shall be paid in full within 30 days of the effective date of the Plan. In addition, any creditors in Class 9 below may elect to reduce their claim to $2,000.00 and receive treatment in Class 8 of this Plan. Such election must be made in writing on the ballot which will be served on all creditors after this Disclosure Statement is approved by the Court and returned to:

Julie M. Koenig
Tow & Koenig, PLLC.
10077 Grogans Mill Rd., Ste. 145
The Woodlands, Texas 77380

on or before the deadline set forth on the Order Approving Disclosure Statement, and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice Thereof.

If a creditor in Class 9 makes the election to accept payment under Class 8 of the Plan, the payment of $2,000.00 shall be in full and complete satisfaction of their claim and will not receive treatment in Class 9 of the Plan. The names of each creditor in this Class and the amount to be received is set forth on Exhibit "A" attached hereto.

**Class 9A - Unsecured Creditors Over $2,001.00 Excluding Class 7 Claims.** Class 9A is impaired and consists of the unsecured creditors with indebtedness in excess of $2,001.00. If the Court finds the creditors in Class 7, supra are secured, then there are 2 claims in Class 9 for a total of $99,192.55.

Claims in Class 9A shall be paid in monthly installments with the first payment due on the 15th day of the first full month following the effective date of the Plan and continuing over a five year period. It is anticipated that members in this class shall receive 15% of their claims. The estimated monthly payments in this class are $247.98.

As set forth above, the creditors in Class 9A each have the one-time option of electing to be treated in Class 8 of the Plan and receive a total of $2,000.00 in full and complete satisfaction of their claim and will not receive treatment in this Class 9A. Such election must be made in writing on the ballot which will be served on all creditors after this Disclosure Statement is approved by the Court and returned to:

Julie M. Koenig
Tow & Koenig, PLLC
10077 Grogans Mill Rd., Ste. 145
The Woodlands, Texas 77380

on or before the deadline set forth on the Order Approving Disclosure Statement, and Fixing Time for Filing Acceptances or Rejections of Plan, Combined with Notice Thereof.

**Class 9B - Unsecured Creditors Over $2,001.00 Including Class 7 Claims.** Class 9B is impaired and included the Class 7 claims the Court reclassified s unsecured. There are 3 claims in Class 9B for a total of $1,541,376.70 (the Class 7, now 9B, claims are being treated as one claim with all payments to be made to Mr. Von Blon for distribution according to the Final Judgment).

Claims in Class 9B shall be paid in monthly installments with the first payment due on the 15th day of the first full month following the effective date of the Plan and continuing over a five year period. It is anticipated that members in this class shall receive 15% of their claims. The estimated monthly payments in this class are $3,853.44.

## III.
## Specification of All Claims Impaired and Not Impaired under the Plan

Classes 1, and 2 are unimpaired under the Plan. Classes 3, 4, 5A, 5B, 6, 7, 8, 9A and 9B, are impaired under the Plan.

## IV.
## Modification of Plan

The Plan may be amended or modified by the Debtor with the approval of the Court after notice and hearing. If the Court finds after hearing on notice to any committee appointed under the Code and any other person designated by the Court that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the modification, it shall be deemed accepted by all creditors

and equity security holders who have previously accepted the Plan.

## V.
## Means for Implementing and Effectuating the Plan

Implementation of the Plan requires entry of an order by the Bankruptcy Court confirming the Plan. The Plan is to be implemented, if accepted and approved by the Bankruptcy Court, in its entire form. The Debtor proposes to effectuate the Plan through the continued operation of the Debtor's business. The net profits from that operation shall be utilized to pay its creditors, according to the classes as set forth above, over a 5 year period.

## VI.
## Reservation of Rights

Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by the Debtor or any creditor of any action with respect to the Plan shall (i) be or be deemed to be an admission against interest and (ii) until the effective date, be deemed to be a waiver of any rights which the Debtor might have against a creditor, and until the effective date all such rights are expressly and specifically reserved. In the event that the effective date does not occur, neither the Plan nor any statement contained therein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the reorganization case.

## VII.
## Rejection of Executory Contracts

The Debtor assumes all unassumed leases and executory contracts as of the effective date of the Plan.

## VIII.
## Bar Dates for Filing Proofs of Claim

Any creditor desiring to receive a distribution under the provisions of this Plan, and whose claim is not evidenced by a court order or set forth on the Debtor's schedules, must file a proof of claim or request for compensation with the Bankruptcy Court not later than April 5, 2006. This bar date is set by the Bankruptcy Court and noticed to all creditors pursuant to the Notice of Creditor's Meeting.

The Debtor has filed as a part of its schedules a list of all creditors, setting forth the identity of each creditor and an indication of the amount due each creditor. Unless a claim is listed as disputed, contingent or unliquidated, each creditor's claim will be allowed in the amount and status stated on the Debtor's schedules. Any creditor may file a proof of claim in a different amount or status not later than April 5, 2006. Failure to file a timely proof of claim will force a creditor to accept the amount of his/her claim as listed on the Debtor's schedules.

Claims listed as disputed, contingent, or unliquidated will not be allowed unless a proof of claim with all supporting documents are filed prior to April 5, 2006. In the event a creditor has filed a proof of claim in these proceedings with which the Debtor disagrees, the Debtor has the option to file an objection to that claim and request the Court to determine the true value of the claim. The Debtor shall attempt to resolve all objections to claims prior to confirmation. However, the Debtor shall have 90 days from the effective date of the Plan to file objections to claims.

Any proof of claim for a debt listed on the Debtor's Schedules **as disputed, contingent, or unliquidated** which is not timely filed shall be of **no force and effect.** No distribution will be made to any creditor that has not timely complied with this provision.

## IX.
## Transfer of Claims

In the event that any creditor shall transfer its claim, it shall do so only in compliance with Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer. The Debtor shall be entitled to assume that no such transfer of any claim has been made by any creditor until after compliance and receipt of notice. Each transferee of any claim shall take the claim subject to the provisions of the Plan and to any request made, waiver or consent given, or other action taken under the Plan; and except as expressly otherwise provided in the notice. The Debtor shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all rights and powers under the Plan of the transferor with respect thereto.

## X.
## Specific Consideration in Voting

All of the foregoing give rise in the instant case to the following implications and risks concerning the Plan.

1. While the Plan provides for certain payments at confirmation, such payments will only apply to allowed claims including claims arising from defaults. Under the Bankruptcy Code a claim may not be paid until it is allowed. A claim will be allowed in the absence of objection.

2. A claim, including a claim arising from default, which has been objected to, will be heard by the Court at a regular evidentiary hearing and allowed in full or disallowed in full or in part. While the Debtor bears the principal responsibility for claim objections, any interested party, including the creditors committee, may file claim objections. Accordingly, payment on some claims, including claims arising from defaults, may be delayed until objections to those claims are ultimately

settled.

## XI.
## Effect of Confirmation

Upon the date of the final order confirming the Plan:

(A) The provisions of the Plan shall bind the Debtor and any creditor whether or not they have accepted the Plan;

(B) Except as otherwise provided in the Plan, all of the property of the estate shall vest in the Debtor;

(C) The Debtor shall be discharged from any claim that arose before the date of the final order confirming the plan, and any claim of any kind specified in Sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, other than a claim arising out of any debt excepted from discharge under Section 523 of the Bankruptcy Code, whether or not:

i) A proof of claim based on such claim is filed or deemed filed under Section 501 of the Bankruptcy Code;

ii) Such claim is allowed under Section 502 of the Bankruptcy Code; or

iii) The holder of such claim has accepted the plan.

**Litigation Injunction**

Upon confirmation of the Plan, an injunction shall issue which prohibits all claimants (whether allowed or not) from pursuing claims in any forum outside this bankruptcy court if such claim is arises out of the actions of the Debtor. This injunction shall issue notwithstanding any provision to the contrary in any contract involving the Debtor, for which the Debtor, an insider or affiliate, or a creditor of this estate may be liable, so long as the Debtor is not in Default under the Plan.

Upon confirmation of the Plan, in addition to all other relief allowed by the Bankruptcy Code, an injunction shall issue against all holders of claims preventing the enforcement of the claim except as specifically stated in this Plan.

## XII.
## Jurisdiction of the Court

The Court shall retain jurisdiction to insure that this Plan is carried out and to determine any other matters in connection with this case, including, but not being limited to the following:

(a) Determining all valid liens and claims, as well as the amounts, against the Debtor and its property;

(b) Allowing the Debtor to enforce after confirmation any claims or causes of action which exist in the Debtor's favor as Debtor-in-Possession (which are the same claims or causes of action existing in favor of a Trustee in Bankruptcy) and which may not have been previously enforced by the Debtor;

(c) Settling any disputes between the Debtor and its creditors;

(d) Continuing jurisdiction, staying enforcement of any claims or liens until consummation of its plan;

(e) Retaining jurisdiction to sell any property of the Debtor, after confirmation, free and clear of all claims;

(f) Retaining jurisdiction to enter orders in aid of consummation of the Plan; and,

(g) Retaining such other jurisdiction as will insure that the intents and purposes of this Plan are fulfilled.

## XIII.
## Miscellaneous Provisions

1. All claims and causes of action in favor of the Debtor are hereby reserved to be prosecuted after confirmation.

2. Whenever the word "confirmation" is used in this Plan, it is intended to mean that date upon which the order confirming this Plan as entered by this Court becomes final and unappealable.

3. Ms. Delia Garcia Diaz shall act as the Disbursing Agent under this Plan.

4. Thirty days after confirmation, title to the remaining property of the Debtor, if any, will vest in the Debtor, and the jurisdiction of the Court will cease, except as provided herein above. However, the reinvesting of title shall not extinguish the rights and powers of the Debtor, but shall include the assignment of such rights and powers of the Debtor so that they may prosecute claims after confirmation. Creditors shall retain their ability to utilize rights under 11 U.S.C. Section 1112(b)(8). Upon a conversion of this case to Chapter 7, all property re-vested in the Debtor under the Plan, or subsequently acquired, shall constitute property of the bankruptcy estate in the converted case.

5. Notwithstanding anything contained hereinabove, the Debtor reserves the right to object to and/or defend against any and all claims filed in this case.

## XIV.
## Interim Operation

From and after the filing of this Plan and until such time as the order confirming this Plan has become final, this Plan has failed and another plan is proposed and acted upon, or an appeal has

been filed and disposed of, or an order of adjudication of bankruptcy is entered, the Debtor shall continue in its current status on the terms and conditions heretofore authorized by orders of the Bankruptcy Court. When the order of confirmation approving and confirming the Plan has become final and nonappealable, the rights and duties of the Debtor as Debtor-in-Possession appointed pursuant to order of the Bankruptcy Court shall terminate, provided that the Debtor performs all acts and executes any and all documents, instruments, and agreements which it is required to execute to consummate and carry out this Plan.

The Debtor also propose that all debts incurred after the filing of the petition initiating this proceeding and during the pendency of this proceeding, will be or shall have been paid in full and if not paid shall be entitled to payment under Class 1 hereunder.

The stay of actions and lien enforcement and all other matters provided for by Bankruptcy Code §362 shall remain effective and in full force until consummation of this Plan.

Respectfully submitted this 16th day of February, 2006.

DELIA GARCIA DIAZ

OF COUNSEL:
**TOW & KOENIG, PLLC.**

By: ______________________

Julie M. Koenig
State Bar No. 14217300
10077 Grogans Mill Rd., Suite 145
The Woodlands, Texas 77380
281/861-5699 (Telephone)
281/681-1441 (Telecopier)
jkoenig@towkoenig.com

Attorneys for the Debtor