IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| DELIA DIAZ | § | CHAPTER 11 BANKRUPTCY |
| | § | CASE NO.: 05-94877-H1-11 |
| Debtor | § | |
| | § | |

## CREDITORS' FIRST AMENDED OBJECTIONS TO DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT AND FIRST AMENDED PLAN OF REORGANIZATION

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

Creditors, Patricia Garcia, as next friend of Vidal Pardo, Jr., and Blanca Vidal Pardo, Demetria Garcia and Michael P. Von Blon, make, file and present their First Amended Objections to Debtor's First Amended Disclosure Statement and First Amended Plan of Reorganization.

1. Creditors are holders of an unsecured liquidated claim in the aggregate sum of $1,611,548.60 and constitute ninety-six percent (96%) of Debtor's unsecured creditors..

2. Debtor Delia Garcia Diaz filed her Voluntary Petition under Title 11, Chapter 11 of the United States Code on 16 October 2005.

2. On 6 February 2006 Debtor filed her Disclosure Statement and Plan of Reorganization,

3. On 20 June 2006 Debtor filed her First Amended Disclosure Statement and First Amended Plan of Reorganization.

4. On 25 June 2006 Creditors filed their objections to Debtor's First Amended Disclosure

Statement and First Amended Plan.

5. The First Amended Disclosure Statement does not comply with 11 U.S.C. §1125(b). More particularly, The First Amended Disclosure Statement does not:

   a. contain adequate information as defined in 11 U.S.C. §1125(a)(1) including a discussion of the federal tax consequences of the plan to Debtor, any successor to debtor and a hypothetical investor as mandated.

   b. is not made in good faith within the context of 11 U.S.C. §1125(e) and §1129(a)(3) because it makes material misrepresentations regarding the appraised values by the Harris County Appraisal District ("HCAD") of the non-exempt real property of Debtor which virtually constitutes the entirety of the estate. More specifically, in paragraph IX of her amended disclosure statement she represents the HCAD appraised values of 4678 Telephone Road, Houston, Texas as being $153,354.00 and 5618 Telephone Road as being $191,358.00. However, the appraised values by HCAD of the properties at the time of the filing of the amended disclosure statement were for 4678 telephone Road $162,125.00 and for 5618 Telephone Road $317,333.00 resulting in the total HCAD value of the properties as represented by Debtor in the amount of $573,986.00 being increased by twenty-three percent (%23) to $703,252.00. True and correct copies of the appraisal reports promulgated by HCAD on its web site are attached hereto as Exhibits "A-1" through "A-3."

   c. is not made in good faith within the context of 11 U.S.C. §1125(e) because the valuations as calculated by the Debtor and contained in Paragraph IX as well as

Exhibit B of her first amended disclosure statement, predicated upon Debtor's misstated values of the properties are correspondingly materially inaccurate.

d. is not made in good faith within the context of 11 U.S.C. §1125(e) because the summary of the plan and the accompanying plan do not meet the feasibility standard as required by 11 U.S.C. §1129(a)11). More specifically, Debtor's plan expends over one hundred percent (100%) of the income upon which the plan relies without provisions for current income taxes, penalties and interest on taxes arising out of Debtor's filing of individual tax returns in 2005 for five prior years and insurance covering the non-exempt properties of the estate.

e. is in part predicated upon the inclusion of "other income' in the sum of $1800.00 per month without disclosing the nature, source and duration of such income. Debtor's current operating schedules provide no information regarding this other income.

6. The First Amended Disclosure Statement is materially incomplete in that Debtor represents business values of Debtor's principal non-exempt properties as being the net cash flow over the following 60 months without providing any information, such as income by property, expenses, predicates for discount rates and discounted cash flow calculations, if any, underlying Debtor's calculations and conclusions. Consequently, the First Amended Disclosure Statement fails to comply with the requirement of providing sufficient information upon which a hypothetical, reasonable creditor typical of holder of claims in this case may make an informed judgment regarding its vote to

accept or reject Debtor's Plan of reorganization.

7. The First Amended Disclosure Statement is materially incomplete in that Debtor represents a liquidation value of the estate of $431,859.58 without providing any empherical information regarding the methodology and factual basis relied which Debtor's conclusion is predicated. Consequently, the First Amended Disclosure Statement fails to comply with the requirement of providing sufficient information upon which a hypothetical, reasonable creditor typical of holder of claims in this case may make an informed judgment regarding its vote to accept or reject Debtor's Plan of reorganization.

8. The prologue of Paragraph X is incomprehensible, at least to these creditors, to the extent that it states that Debtor's Plan is predicated upon profits from "the shrimping business" which will be sufficient to pay unsecured creditors to the extent of 15% of their claims.

9. The Plan of Reorganization as summarized in Paragraph X of Debtor's First Amended Disclosure Statement and as set forth in Debtor's First Amended Plan of Reorganization fails to comply with the requirements of 11 U.S.C. § 1129(b)(2)(B)(ii). The First Amended Disclosure Statement and the First Amended Plan do not comply with the absolute priority rule. More specifically, under Debtor's plan, Debtor, as a junior interest holder, retains the equity in the principal non-exempt properties of the estate without first paying the unsecured Creditors' senior claims in full[1]. Moreover, the Plan vests equity

---

[1] Predicated upon HCAD 2006 appraisals, Debtor retains in excess of $200,000.00 equity under her plan.

Creditors' First Amended Objections to Debtor's First  
Disclosure Statement and First Amended Plan of Reorganization
Page 4 of 8 Pages

with or without new value in the Debtor without extending an opportunity to anyone else either to compete for that equity or to propose a competing reorganization plan.[2] See Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 202; 108 S.Ct. 963, 968 and Bank Am. Nat. Tr. V. 203 N. LaSalle, 526 U.S. 434, 436; 119 S.Ct. 1411, 1413. Regardless of any new value, it is not an exception to the absolute priority rule. *In re Coltex Loop Central Three Partners, L. P.*, 138 F.3d 39, 44-45 (CA2 1998); *In re Bryson Properties, XVIII*, 961 F.2d 496, 504 (CA4), cert. denied, 506 U.S. 866(1992)

10. The Plan of Reorganization as summarized in Paragraph X of Debtor's First Amended Disclosure Statement and as set forth in Debtor's First Amended Plan of Reorganization additionally fails to comply with the requirements of 11 U.S.C. § 1129(b)(1). More specifically, the amended Plan

   a.  is not fair and equitable; and

   b.  discriminates unfairly with respect to unsecured creditors.

11. The Plan is not feasible. Debtor cannot overcome rejection of the Plan. 11 U.S.C. §1129(b) is not available in the absence of compliance with the absolute priority rule. Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 202 (1988), 108 S.Ct. 963, 9

12. Debtor's First Amended Disclosure Statement and Plan of Reorganization should be disapproved by this Court.

WHEREFORE PREMISES CONSIDERED, Creditors pray the sufficiency of their Objections and for the relief sought herein.

---

[2] Debtor purports to put new value into the plan at the rate of $1800 per month or an aggregate of $108,000. However this new value is illusory in view of the fact that she withdraws from the plan $2422 per month for personal living expenses and personal insurance.

Attn: Christine A. March, Asst. U.S. Trustee
515 Rusk Street, Suite 3516
Houston, Texas 77002

BY FIRST CLASS MAIL AND ELECTRONIC SERVICE

Maxie Strong
6025 Clover Ridge St.
Houston, TX 77087
Creditor

BY FIRST CLASS MAIL

John A. Barker, Esq.
Attorney and Counselor at Law
5959 West Loop South, Suite 500
Belaire, TX 77401
Attorney For Maxie Strong

BY FIRST CLASS MAIL

Department of Treasury- IRS
INTERNAL REVENUE SERVICE
1919 Smith Street
Stop 5022 HOU
Houston, Texas 77002

Internal Revenue Service
1919 Smith, Stop 5024 HOU
Houston, Texas 77002

BY FIRST CLASS MAIL

Manfred H. Quentel, D.D.S.
7810 FM 1900 East, Suite 105
Houston, Texas 77346
Creditor

BY FIRST CLASS MAIL

ENTERTAINMENT BY J.J., INC.

Creditors' First Amended Objections to Debtor's First                    Page 7 of 8 Pages
Disclosure Statement and First Amended Plan of Reorganization

Respectfully submitted,

*Dale Ossip Johnson*

Dale Ossip Johnson
Texas State Bar No. 10700000
Federal ID No. 12010

THE JOHNSON FIRM, P.L.L.C.
P.O. Box 427
Cedar Park, Texas 78630-0427.

ATTORNEY FOR PATRICIA GARCIA, AS NEXT FRIEND OF VIDAL PARDO, JR. AND BLANCA VIDAL PARDO, DEMETRIA GARCIA AND MICHAEL P. VON BLON

Telephone: 512-328-7764
Telecopier: 866-710-4436
Email: ossip@ossipian.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August 2006, a true and correct copy of Creditors' Objections to Debtor's First Amended Disclosure Statement and First Amended Plan of Reorganization was served via electronic service or by depositing the same in the U.S. mail, postage prepaid and properly addressed as follows:

Delia Garcia Diaz
1415 Somercotes
Channelview, TX 77530
Debtor

BY FIRST CLASS MAIL

Julie Koenig, Esq.
TOW & KOENIG
10077 Grogans Mill Rd., Ste. 145
The Woodlands, Texas 77380
Attorney for Debtor

BY FIRST CLASS MAIL AND ELECTRONIC SERVICE

Richard W. Simmons
U.S. Trustee

c/o Riecke Baumann
1607 Westheimer
Houston, Texas 77006
Creditor

BY FIRST CLASS MAIL

_____
Dale Ossip Johnson, Esq.